## OFFICIAL DUTIES WHICH ARE NOT DISCRETIONARY.

Court of Appeals for Cuyahoga County.

W. H. McGANNON v. STATE OF OHIO, EX REL W. H. DENNIS.

Decided, October 11, 1915.

*Mandamus—Lies to. Compel the Issuing of Warrants by a Municipal Court Judge—Proper Test as to Whether Duties are Discretionary or Ministerial.*

1. When an official duty does not belong inherently to the office itself, but may be devolved upon some other officer to perform, it is ministerial and its performance may be required by mandamus.

2. The duty assigned by statute to a municipal court judge of issuing warrants, where the complaint and affidavits are sufficient, is ministerial and one which may be controlled by judicial power, and mandamus lies to compel the issuing of such warrants.

*J. N. Stockwell,* for plaintiff in error.
*A. T. Holmes,* contra.

CARPENTER, J.

Error to the court of common pleas.

It is admitted in this case that the complaint and affidavits required by law for the issuance of a warrant for the arrest of the person accused were sufficient in every respect, and that said chief justice, the plaintiff in error, refused and still refuses to issue or cause to be issued the necessary process or warrants for the arrest of the persons accused in said complaint and affidavits.

Whereupon the relators having demanded the prosecuting attorney to take the steps necessary to bring the person so complained of before the criminal branch of the municipal court of Cleveland for trial on said complaint, and said prosecuting attorney having refused said request, filed his petition in common pleas court for a writ of mandamus to issue compelling said chief justice to issue or cause to be issued warrants for the arrest of said accused persons. A demurrer to the petition was filed, and upon hearing was overruled, to which ruling plaintiff in error excepted, and now asks this court to reverse said ruling.

In the case of *State* v. *Salmon P. Chase, Governor of Ohio,* 5 O. S., 529, the distinguished judge in his opinion at page 535 says:

"Under our system of government no officer is placed above the restraining authority of the law, which is truly said to be universal in its behests—all paying it homage, the least as feeling its care, and the greatest as not exempt from its power. And it is only where the law has authorized it that the restraining power of one of these co-ordinate departments can be brought to operate as a check upon one of the others. The judicial power can not interpose and direct in regard to the performances of an official act which rests in the discretion of any officer, whether executive, legislative or judicial. It is not by the office of the

person to whom the writ is directed, but the *nature of the thing to be done*, that the propriety or impropriety of issuing a mandamus is to be determined."

In the celebrated case of *Marbury* v. *Madison*, 1 Cranch, at page 166, Justice Marshall says:

"In cases in which the executive possesses a constitutional or legal discretion, nothing can be more perfectly clear than their acts are only politically examinable. But where a specific duty is assigned by law and individual rights depend upon the performance of that duty, it seems perfectly clear that the individual who considers himself injured has a right to resort to the laws of his country for a remedy."

And on page 165:

"The acts of such an officer as an officer can never be examinable by the courts. But when the Legislature proceeds to impose on that officer other duties; when he is directed peremptorily to perform certain acts; when the rights of individuals are dependent on the performance of those acts, he is so far the officer of the law; is amenable to the laws for his conduct, and can not at his discretion sport away the vested rights of others."

Again, in the case of *State* v. *Chase, supra*, the question was whether Chase, as governor, should be compelled by order of the court to issue his proclamation that a branch of the State Bank of Ohio was authorized to commence and carry on the banking business in Cincinnati. The statute required that if the secretary, upon the requisite examination, report a statement that the company has complied with the provisions of the law and is lawfully entitled to commence the business of banking, the same shall be certified to the governor, who shall, if he be satisfied that the law has in all respects been complied with, issue his proclamation. The governor having refused to act, suit in mandamus was instituted. The court held that such duty was a ministerial act, for the reason that its performance was not a part of the inherent nature of the authority in regard to many of his duties as governor, but might have been devolved on another officer of the state.

And this is the true criterion in mandamus: Does the duty belong inherently to the office itself, so that it can not be relegated to some other officer to perform? By applying this test, we are able to discriminate between duties which are discretionary and those ministerial, and which lie at the very foundation and fix the distinction between duties of a peremptory or mandatory nature, and those which are discretionary in their character involving the exercise of some degree of judgment on the part of the officer against whom the mandamus is sought.

To constitute a ministerial act it does not follow that the officer may not exercise his judgment, but the duties must be so clear and specific that no element of discretion is left in their performance. Even so, an officer who refuses to act, for example, refuses to try a suit properly in his court, may be compelled to perform that duty and exercise his discretion, but not be controlled in its exercise. This is evident from the case of *State* v. *Chase*, *supra*, where he was compelled by the statute to investigate and examine until he should be satisfied that the law has, in all respects, been complied with. It required the exercise of the governor's judgment whether the statute had been complied with. It was a duty cast upon him outside of his inherent duties, and therefore could have been performed by any other officer.

Applying these principles to the facts of the case at bar, Judge McGannon was elected by the people to perform those duties which inherently belong to the office of any judge of the court constituted for the trial of causes. It is clear that the duty assigned to him by the statute to issue warrants is not one of those which may, from the nature of his authority, give him a discretion which can not be controlled by judicial power. And it is not one that can not be devolved on any other proper officer of that court. Therefore it became and was a ministerial act which he was asked to perform, and his refusal to perform it warranted the institution of this suit to compel him to issue the processes asked for.

The demurrer was properly overruled, and the judgment of the common pleas court is affirmed.

MEALS, J., and GRANT, J., concur.

GRANT, J.

I concur in the judgment of affirmance in this case. I dissent from the reasoning upon which, as to its material consideration, that judgment purports to proceed.

In the opinion read as that of the court, if it is comprehended, the thing which the affirmed judgment compels the respondent to do, is the performance of a ministerial act, to-wit: the act of issuing the warrant asked for.

I do not so understand the law.

In my opinion, when the affidavit preliminary to a warrant is presented to the magistrate—in this case the respondent—his function thereupon is to examine the paper, and if upon such inspection he finds that it alleges a crime, he is to issue the warrant, of course and in sequence.

The duty thus cast upon him, the duty of inspecting and considering the affidavit for the single purpose of determining whether it states an offense, is a judicial duty. It requires the exercise of discretion—this examination of a paper to see if on its face it charges a violation of the statute.

How the discretion shall be exercised as to finding the paper sufficient or insufficient in the respect named, is not a thing that a court can by mandamus compel. That is to say, the exercise of the discretion can not be coerced by mandamus in one way or another. And it can not be so compelled because it is a judicial and not a ministerial act.

The writ allowed below and there made peremptory by the judgment under review, and by us here affirmed, proceeded, not on the ground that the respondent had exercised the discretion lodged with him, wrongly, but upon the quite apparent fact that he had not exercised it at all. From the record it is too plain for dispute that the refusal to issue the warrant was not because the affidavit was insufficient on its face and did not charge a crime, but because the magistrate substituted for the affidavit his own independent and individual fiat that the writ should not issue at all. If in reaching that conclusion he re-

sorted to knowledge *dehors* the affidavit, his act in so doing falls under the same condemnation. That is not exercising jurisdiction; it is ignoring entirely the duty to exercise it. The issuing of the writ at least is of course a mere clerical, and therefore a ministerial act. But discretion, in the way I have tried here to make plain, must precede it. While the effect to which judicial discretion shall be exercised can not be controlled by mandamus, mandamus may compel it to be exercised. If the law confers jurisdiction upon a magistrate,. he must take it when it is properly invoked. An examination of the affidavit in this case was the first step in the discretion of jurisdiction, and that step the respondent refused to take. Our affirmance of the judgment below says to him that he *must* take it, under the compulsion of a writ of mandamus. But saying *that* does not say that we say it because the thing commanded is a ministerial act, as I think.

Apprehending that if we put our judgment on mistaken ground, and if hereafter it is undertaken to be drawn in precedent, it will tend to confusion and may operate mischeviously, I deem myself guilty of no impropriety in here registering my dissent from the basic view of the opinion filed by my brethren.

That mandamus will lie to compel discretion to be exercised, one way or another, is, I think, clearly held in *State, ex rel Smith,* v. *Smith,* 69 O. S., 196. There the court say that "mandamus is allowed, not to control discretion, but to compel its exercise."

MEALS, J., concurs in the dissent.